660 A.2d 3

SENATOR JOHN A. LYNCH AND SENATOR BERNARD F. KENNY, JR., PLAINTIFFS–APPELLANTS, v. BRIAN W. CLYMER, STATE TREASURER, DEPARTMENT OF THE TREASURY, STATE OF NEW JERSEY, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued June 21, 1995—Decided June 22, 1995.

Before Judges SHEBELL and LONG.

*Leon J. Sokol* argued the cause for appellants (*Sokol, Behot* and *Fiorenzo,* attorneys; *Mr. Sokol* and *Susan I. Wegner,* on the brief).

*Mark J. Fleming,* Assistant Attorney General, argued the cause for respondents (*Deborah T. Poritz,* Attorney General of New Jersey, attorney; *Mr. Fleming,* on the brief).

The opinion of the court was delivered by

SHEBELL, P.J.A.D.

Appellants, John A. Lynch and Bernard F. Kenny, Jr., both Senators of the State of New Jersey, appeal from an order of the Law Division dismissing their action in Lieu of Prerogative Writ to compel the Treasurer of the State of New Jersey to release correspondence received in his official capacity from the United States Internal Revenue Service (IRS) regarding the effect on the State pension system of Chapter 41 of the Laws of 1992, which shifted $769 million from the public employee pension funds to the general funds of the State. The Attorney General responds on

behalf of the Treasurer and "in behalf of the public interest" requesting that the judgment of the Law Division be affirmed.

The facts appear to be that by letter dated May 24, 1995, Senator Kenny wrote to the Treasurer requesting "all correspondence from any State agency to the federal government, as well as, any correspondence from any federal agency, including but not limited to the IRS, to any State agency concerning the 1992 pension changes." Having received no response, Senator Kenny renewed his request on June 2, 1995. On June 6, 1995, Senator Lynch wrote to the Treasurer inquiring as to the status of his colleague's request. It is now clear that the Senators' requests were directed to a letter that the Treasurer had received in May of 1995 from the IRS concerning the 1992 pension changes and their effect on the State pension systems.

By letter dated June 7, 1995, Assistant Attorney General, Jaynee Lavecchia, Director of the Division of Law, responded to Senator Kenny on behalf of the Treasurer. She characterized the letter from the IRS as having been "communications between the State Government and the IRS ... of a preliminary nature." She represented that the IRS has not made a determination on any of the technical issues involved and that the State has not made any formal submission in response to questions raised by the IRS. Director Lavecchia then concluded that the correspondence would not be made available to the Senator on the following basis:

We believe the fair and expeditious resolution of the examination requires that the State and the IRS be able to conduct a private dialogue in which confidential information would be discussed. It would be impossible for us to have constructive meetings with the IRS in a public forum, and we believe the same is true of our written communications at this discussion stage. We note in this regard that Federal law provides for the confidentiality of preliminary communications between a taxpayer and the IRS. *See* 26 *U.S.C.* § 6104 and 26 *C.F.R.* § 301.6104(a)–(3). Therefore, we believe it is important not to disclose the information you have requested at this time.

We believe, moreover, that nondisclosure of the correspondence between the Department of Treasury and the IRS regarding the 1992 pension law changes is in accord with state law. The correspondence in question are not public records under the Right to Know Law since the correspondence does not consist of "records which are required by law to be made, maintained or kept on file by" the

Department. *N.J.S.A.* 47:1A–2. Therefore, the Right to Know Law does not provide a statutory right to inspect the documents. In addition, it is our view that disclosure of the documents cannot be compelled under common law which requires that the interests of those seeking to inspect public records be balanced against the need, if any, for confidentiality. As indicated previously, the review of the 1992 pension law changes by the IRS is at an early stage of the process. Public discussions at this stage could substantially undermine the State's ability to effectively advance its position with the federal agency. In the circumstances, the common law would not require disclosure of the information you have requested.

Because of the rebuff, on June 9, 1995, plaintiffs filed the present action seeking to compel the Treasurer to release the correspondence. An Order to Show Cause was issued with a return date of June 16, 1995. On that date, in an opinion from the bench, the Law Division judge denied the relief sought by appellants and dismissed the complaint. This appeal was filed on behalf of the Senators. We have expedited the matter by hearing oral argument the day following the filing of the Notice of Appeal. We now reverse the dismissal of plaintiffs' complaint and remand for entry of an order directing the turnover of the document.

The parties to this dispute now agree that the New Jersey Right–to–Know Law, *N.J.S.A.* 47:1A–1 to –4, does not apply to the document in question, but that it is a public record under the common law. *See Nero v. Hyland,* 76 *N.J.* 213, 222, 386 *A.*2d 846 (1978). Further, it is clear that plaintiffs have " 'a wholesome public interest or a legitimate private interest' " in obtaining access to the document. *Loigman v. Kimmelman,* 102 *N.J.* 98, 112, 505 *A.*2d 958 (1986) (quoting *City of St. Matthews v. Voice of St. Matthews, Inc.,* 519 *S.W.*2d 811, 815 (Ky.1974)). We find no reason to engage in a dialogue, as did the Law Division judge, concerning other remedies that the Legislature as a whole might have in obtaining access to the document. The issue is not the ability of the Legislature to obtain access. Rather, it is the right of these individuals to vindicate their own private and public interests in the matter.

The dispute between the parties thus boils down to the application of the "balancing process" employed to determine whether the need for disclosure outweighs the State's interest in maintain-

ing the confidentiality of the communications between the IRS and the Treasurer. See *Atlantic City Convention Center Authority v. South Jersey Publishing Co.*, 135 *N.J.* 53, 60, 637 *A.*2d 1261 (1994); *McClain v. College Hosp.*, 99 *N.J.* 346, 361, 492 *A.*2d 991 (1985). Although a party has a cognizable common law interest in obtaining public records, there is not an absolute right to public documents. *Id.* Our Supreme Court in *Convention Center, supra*, pointed out that the balancing process is " 'flexible and adaptable to different circumstances and sensitive to the fact that the requirements of confidentiality are greater in some situations than others.' " *Convention Center, supra*, 135 *N.J.* at 60, 637 *A.*2d 1261 (quoting *McClain, supra*, 99 *N.J.* at 362, 492 *A.*2d 991).

Plaintiffs have an interest in the IRS letter not only as Senators with specific fiscal responsibilities, but as representatives of the citizens of the State including members of the various pension systems, and as citizens themselves:

> [I]n a democracy, the citizens generally have the right to know the truth about all parts of their government, because without public knowledge of the realities of governmental activities, essential reforms of those activities will be hindered (quoting Justice (then Judge) Proctor in *Stack v. Borelli*, 3 *N.J.Super.* 546, 552 [66 *A.*2d 904] (Law Div.1949)).
>
> [*McClain, supra*, 99 *N.J.* at 355, 492 *A.*2d 991.]

The Senators as senators, as representatives of the public, and as citizens have a right to know the basis on which the IRS is questioning the transfer of $769 million dollars in pension funds to the general fund.

Against this interest, the state's claim as to the need for confidentiality must be weighed. The state argues that:

> Public discussions at this stage could substantially undermine the State's ability to effectively advance its position with the federal agency. A public debate over the merits of the state's views vis-a-vis the views of local IRS staff risks hardening the respective positions of the parties, thus precluding a full and fair consideration of the State's analysis to the detriment of the State and its citizens. It is critical that these talks be allowed to proceed in private unfettered by the need to simultaneously debate the issues in public.

While we agree that the state is entitled to carry on its negotiations with the IRS in private, the IRS letter is not a part of the negotiation process but merely a statement of the issue presented.

Revealing the issue to the public will not compromise the negotiation process or in any way impact on its confidentiality.

The State's suggestion that disclosing the contents of the letter will require it to engage in a public debate over its views on the subject is not a reason supporting secrecy. Public debate on matters of public concern is fundamental in a democratic society.

> "The generation that made the nation thought secrecy in government one of the instruments of Old World tyranny and committed itself to the principle that a democracy cannot function unless the people are permitted to know what their government is up to."
>
> *Environmental Protection Agency v. Mink*, 410 *U.S.* 73, 105, 93 *S.Ct.* 827, 845, 35 *L.Ed.*2d 119, 142 (1973) (Douglas J., dissenting) (quoting Henry Steele Commager, "The New York Review of Books," October 5, 1972, p. 7).

It was vital to the balancing process to consider the extent to which disclosure might enable the public to have a dialogue and make a sound judgment as to the reasonableness of the actions of the State in the past, as well as with respect to the State's present position regarding a matter of serious fiscal concern affecting the budget process and the State pension system. In accepting the State's position that the State could best protect the public interest by confidential negotiations, the judge appears to have viewed the public interest as being identical to that of the State.

This Court's *in camera* review of the document convinces us that the State's interest in nondisclosure is outweighed by the interests of the State pension systems and their beneficiaries. We find it to be well beyond question that disclosure of the document will promote a full and proper discussion of the issues and that disclosure is the only way to fully protect the interests of the State's pension systems. We were advised at oral argument that the Boards of Trustees of State pension systems have not been informed of the contents of the document. Their interests are of such a critical nature as to weigh strongly against withholding the document. We perceive that the dynamics of the controversy are such that the interests of the public may be jeopardized by withholding of the document. The State's interest in the $769 million turnover and the IRS's interest in the transaction have created a situation that militates against the State proceeding in

the absence of full disclosure of the controversy. Any alleged detriment to the State's bargaining position that may be caused by disclosure is outweighed by the benefit gained in maintaining the integrity of the process of government through protecting the interests of all who may be impacted by the consequences of the State's negotiations.

We have carefully reviewed each and every statutory basis, both State and Federal, asserted by the State for nondisclosure and find them to be inapplicable. We, therefore, reverse and remand to the Law Division for entry of a turnover order, subject to such reasonable conditions as may be deemed appropriate.